U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 8 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ADAM ARIF, | § |
| Plaintiff, | § § § |
| VS. | § NO. 4:18-CV-040-A |
| CITY OF EULESS, ET AL., | § § § |
| Defendants. | § |

MEMORANDUM OPINION
and
ORDER

In this action, plaintiff, Adam Arif, pursuant to 42 U.S.C. § 1983, named as defendants City of Euless ("City"), T. Killman ("Killman"), and J. Sims ("Sims"). The court has concluded that such complaint, as amended, should be dismissed pursuant to the authority of 42 U.S.C. § 1915A.

I.

Plaintiff's Original Complaint

This action was initiated on January 18, 2018, by the filing by plaintiff of a civil rights complaint. Plaintiff used a printed form that is provided to prisoners, which was accompanied by an attached document titled "Complaint," in which plaintiff provided a handwritten description of his complaint against City, Killman, and three John Does. The statement of his claim in the printed form was as follows:

> On October 20, 2017 at Approx 18:30 hrs Euless
> police officer T. Killman #544 as well as several

> unnamed officers to be identified later used Excessive
> force in my arrest pursuant to the alleged commision of
> a crime. These officers caused multiple injuries as
> well as severe mental anguish to me and did so with
> wanntoness and diliberate indifference to my
> Constitutional rights because of inadequate training,
> due to the policies or lack thereof set forth by the
> municple City of Euless, in Tarrant County, Texas.

Doc. 1 at 4 § V (errors in original).[1]

The only allegation in the attached "Complaint" that conceivably could be interpreted to be a further statement of the facts upon which plaintiff relied for his claims against City and Killman are the allegations in paragraph V that:

> Violently Kneeing the plaintiff in his back after
> forcefully throwing the plaintiff to the ground and
> sub-sequently fracturing the 10th rib of the right side
> of the plaintiff's body, causing such damages to the
> rib cage so as to deflate and collapse the plaintiff's
> lung.

Id. at ECF 8, § V (errors in original).[2]

Other than the language quoted above, the allegations by plaintiff in the printed form and its attachment provided no information as to the nature of the conduct about which plaintiff complains. Those allegations were not sufficient to enable the court to conclude that plaintiff has stated a plausible claim against City or Killman.

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:18-CV-040-A.

[2] The ECF page number reference is to the ECF header number at the top of the page.

II.

## Court's Initial Screening, and Legal Principles Pertinent to the Subject of Plaintiff's Complaint

A. Screening Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint was subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted). A defendant who has a qualified immunity is immune from monetary relief.

Although pro se complaints and arguments must be liberally construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994),

"[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989).

B.  Pleading Standards Established by Twombly and Iqbal

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

4

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

C. The Qualified Immunity Defense

Qualified immunity insulates a government official, such as Killman and Sims, from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at

5

639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In

so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.
> . . .

502 U.S. at 229.

D. <u>Allegations Required for a Claim of Liability Against a Governmental Entity Such as City</u>

The law is clearly established that the doctrine of respondent superior does not apply to § 1983 actions. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990). Rather, the misconduct of a subordinate must be affirmatively linked to the action or inaction of the supervisor. Southard v. Texas Bd. of Crim. Justice, 114 F.3d 539, 550 (5th Cir. 1997). A supervisor may be liable under § 1983 if he, by action or inaction,

7

demonstrates deliberate indifference to a plaintiff's constitutionally protected rights. Id. at 551. "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 410 (1997). Neither a supervisory official nor a governmental entity can be held liable for failing to adopt policies to prevent constitutional violations. See, e.g., Vela v. White, 703 F.2d 147, 153 (5th Cir. 1983); Reimer v. Smith, 663 F.2d 1316, 1323 (5th Cir. 1981); Wanger v. Bonner, 621 F.2d 675, 680 (5th Cir. 1980). Moreover, a plaintiff must allege more than an isolated incident of purported harm to establish a claim against such person or entity. Fraire, 957 F.2d at 1278; McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989); Languirand v. Hayden, 717 F.2d 220, 227-28 (5th Cir. 1983). Without a pattern or practice of recurring constitutional violations, neither negligence nor gross negligence suffices as a basis for liability. Stokes v. Bullins, 844 F.2d 269, 274 (5th Cir. 1988). There must be a link between the policy and the particular constitutional violation alleged. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

III.

Order Requiring Repleading by Plaintiff

Upon preliminary review of the items by which plaintiff initiated this action, the court concluded that the allegations in those items did not state claims against either City or Killman under the Twombly and Iqbal standards, considering the potential applicability of the qualified immunity defense as to Killman and the rule of Monell. On January 25, 2018, the court issued an order requiring plaintiff to replead, and explained to plaintiff in a general way what would be required for an amended complaint to survive a § 1915A review. Doc. 8 at 2-3. The order also directed plaintiff to provide in his amended complaint information that would enable the court to identify the "John Doe" plaintiff mentioned in plaintiff's original filings.

On February 5, 2018, the court received from plaintiff a document that was titled "Verified Complaint for damages for my injuries, Court Costs, Filing fees and injunctive relif for improper training polices of Euless Police Department." Doc. 9 at 1 (errors in original). Although the title indicates that the document was verified, it was not even signed by plaintiff, much less verified.

The document plaintiff filed February 5 named as defendants City and Killman, and added as a defendant an officer of the

9

Euless Police Department by the name of J. Sims. Plaintiff again alleged that Killman used excessive force in his arrest pursuant to the alleged commission of a crime, and added Sims as a police officer who did the same; and, he alleged that they caused him multiple injuries when they did so. Id.

Plaintiff elaborated on his allegations concerning the alleged wrongful conduct of Killman and Sims to the following extent:

> I pulled up to Motel 6 in Euless, Texas in a Black Cadilac Escalde to pick up my mother as well as my daughter to return to the car lot in forney, Texas to purshes the Vehical. When i then was approuched by an armed man screaming get out of the vehical "Mother fucker" Naturally i was in fear of my life i drove off thinking some one was trying to kill me I drove approx 150 yards exited the vehical an began to run. I then tryed to climb a fence when i was pulled off and slammed to the ground by Euless police officers Killman and Sims then realizing it was the police, and at no time did i resist the officers then Kneeling on my back crushing me Fractured my right 10th rib and deflated and coolapsed and punctured my right side Lung.

Id. at 2, § II (errors in original).

A. <u>Plaintiff Has Not Alleged Facts That, If True, Would Overcome Qualified Immunity Defenses of Killman and Sims</u>

Plaintiff's February 2018 filing lacks the factual details necessary to allow the court to determine that either Killman or Sims used an excessive and unreasonable amount of force against plaintiff. For example, plaintiff states that he was arrested for "the alleged commission of [a] crime," but does not specify

10

what crime he was suspected of committing. Id. at 1. Moreover, plaintiff admits that when approached by officers, he first fled by vehicle and then exited the vehicle and attempted to flee on foot. Plaintiff alleged that plaintiff did not resist Killman and Sims after he identified them as police officers, but he alleged that such identification was not made until Killman and Sims were already "kneeling on [his] back crushing [him]." Id. at 2. Plaintiff has alleged, in effect, that his injuries are the direct result of him fleeing officers and then resisting arrest. Plaintiff has provided no additional explanation that would allow the court to conclude that the force used by the officers was clearly excessive or clearly unreasonable under the circumstances then existing.

None of plaintiff's factual allegations would enable the court to reach the conclusion that plaintiff has stated a plausible claim for relief against Killman or Sims. He has alleged no facts that would cause the court to conclude that Killman and Sims are not entitled to qualified immunity, considering his strict pleading obligation in that regard as outlined under the foregoing headings. Therefore, the court has concluded from its preliminary screening that plaintiff's claims against Killman and Sims must be dismissed.

B.  The Claims Against City Must Be Dismissed

As noted under an earlier heading, it is well-settled that local government entities such as City cannot be held liable for the acts of their employees solely on a theory of respondeat superior. Monell, 436 U.S. at 692. Liability may be imposed against a local government entity under § 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359 (2011) (quoting Monell, 436 U.S. at 692) (internal quotation marks omitted).

To hold an entity liable under § 1983 thus requires plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted). Therefore, liability against local government defendants pursuant to § 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

Here, plaintiff has alleged that his injuries were the result of "inadequate training due to policies or lack there of

12

set fourth by the Municiple City of Euless." Doc. 9 at 1 (errors in original). Plaintiff's complaint makes no other statement pointing to wrongdoing on the part of City or to suggest how liability could be imposed against it. Thus, plaintiff has failed to identify the existence of any policymaker, and has similarly failed to allege the nature of any unconstitutional policy. Piotrowski, 237 F.3d at 578. Even if plaintiff had alleged the existence of an unconstitutional policy, he has failed to point to other occurrences necessary to support his claim. "Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy required for municipal section 1983 liability." Id at 581 (quoting Bennett v. City of Slidell, 728 F.2d 762, 768 n. 3 (5th Cir. 1984). A single violation, as alleged in the complaint, is insufficient to show a custom or practice "so persistent and widespread as to practically have the force of law." Connick, 563 U.S. at 61; Piotrowski, 237 F.3d at 581. Thus, plaintiff's claims against City are to be dismissed.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against City, Killman, and Sims, be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED February 8, 2018.

JOHN McBRYDE
United States District Judge